UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERICA A. U.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:21-CV-5005-DWC

ORDER

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he evaluated a medical opinion from a psychiatric consultative examiner. As this error informed the ultimate disability determination, the ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for an award of benefits consistent with this Order.

ORDER - 1

## FACTUAL AND PROCEDURAL HISTORY

On August 23, 2012, Plaintiff filed applications for DIB and SSI, alleging disability as of July 9, 2012. *See* Dkt. 16, Administrative Record ("AR") 393, 395. The application was denied upon initial administrative review and on reconsideration. *See* AR 129–30, 155–56. A hearing was held before Administrative Law Judge ("ALJ") Gary Elliott on March 27, 2014. AR 66–104. In a decision dated June 27, 2014, ALJ Elliott determined Plaintiff to be not disabled. *See* AR 187–222. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, and Plaintiff filed a new SSI application on June 9, 2015, alleging a disability onset date of June 25, 2014. AR 412–32. This application was denied upon initial review, but was approved on reconsideration, leading to an award of SSI benefits. *See* AR 223, 329.

Following this award, the Appeals Council remanded Plaintiff's initial applications for a new hearing on February 18, 2016. AR 236–41. This second hearing on these applications was held before ALJ David Johnson on August 10, 2016. AR 2360–2383. On December 6, 2016, ALJ Johnson issued a decision in which he found Plaintiff to not be disabled during the period at issue—between July 9, 2012, and June 25, 2014. AR 2260–2288. On February 20, 2018, the Appeals Council denied review, and on April 26, 2018, Plaintiff sought review of ALJ Johnson's decision in this Court. AR 2289–94, 2296. On December 18, 2018, Judge Benjamin H. Settle issued an order reversing and remanding ALJ Johnson's decision for further proceedings. AR 2298–2315.

A third hearing was held, this time before ALJ Allen G. Erickson, on October 24, 2019. AR 2237–2259. On November 18, 2019, ALJ Erickson issued a decision, again finding Plaintiff to be not disabled during the period at issue. AR 2211–2236. On November 4, 2020, the Appeals

Council denied review, making ALJ Erickson's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in evaluating: (1) the medical opinion evidence; (2) the effect of Plaintiff's seizure disorder on her ability to work; (3) the lay witness evidence; and (4) Plaintiff's ability to perform other jobs at step five of the sequential disability evaluation. Dkt. 19, p. 2.

## DISCUSSION

**I.     Whether the ALJ Properly Evaluated the Medical Opinion Evidence.**

Plaintiff assigns error to the ALJ's evaluation of a medical opinion from psychiatric consultative examiner Katrina L. Higgins, Psy.D. Dkt. 19, pp. 10–11; Dkt. 22, pp. 7–8.

Plaintiff summarizes much of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed herein. Dkt. 19, pp. 6–10. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus only considers the ALJ's evaluation of the opinion from Dr. Higgins.

**A.  Medical Opinion Standard of Review**

Pursuant to applicable case law, in assessing an acceptable medical source, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific

and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

**B. Opinion of Dr. Higgins**

Dr. Higgins evaluated Plaintiff on December 10, 2012, conducting a mental interview and clinical status examination. *See* AR 815–19. Based on these assessments, she recorded diagnoses of anxiety disorder not otherwise specified, adjustment disorder with depressed mood, opioid dependence in long-term remission, and rule-out diagnoses of post-traumatic stress disorder and a learning disorder. AR 818. As to her opinion of Plaintiff's workplace limitations, Dr. Higgins noted that Plaintiff

> [D]emonstrated poor concentration and difficulty understanding instructions during today's evaluation. She may be able to understand very simple (1-3 step) instructions but may experience distraction as she completes tasks. She would not be able to carry out complex or detailed instructions due to apparent cognitive limitations. Her performance over time will be inconsistent, which is likely to be a problem in any job. Due to her cognitive limitations and her anxiety she is not a good candidate for jobs involving frequent direct contact with high volumes of customers (i.e. retail). However, she should be able to interact with supervisors and coworkers in an appropriate manner.

AR 819.

The ALJ accorded most of this opinion great weight, but gave "lesser weight to the implication that [Plaintiff] could not sustain" simple tasks over time. AR 2222. In so reasoning, the ALJ pointed to (1) Plaintiff's failure to mention her cognitive deficits in treatment; and (2) Plaintiff's ability to care for her six children.

With respect to the ALJ's first reason, an ALJ need not accept the opinion of a medical source "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ pointed to Plaintiff's "lack of mention of apparent cognitive deficits during the

course of treatment, as well as, [Plaintiff]'s meager mention of such deficits to providers." AR 2222. This, however, is not inconsistent with Dr. Higgins's examination. Dr. Higgins indicated Plaintiff's "primary complaint is her seizure disorder[,]" and other notes show Plaintiff's lack of insight into her condition: Plaintiff "did not understand why she was here[,]" "did not understand the purpose of this evaluation, even after it was explained to her[,]" and "had little insight into her mental health difficulties[.]" AR 817–18. The ALJ did not discuss these findings. Given Plaintiff's well-documented lack of insight into her condition and her overriding concern with her seizure disorder, and the ALJ's failure to discuss Dr. Higgins's findings which arguably explain Plaintiff's meager attention to her deficits this is not a specific and legitimate reason for discounting Dr. Higgins's limitations on persistence.

With respect to the ALJ's second reason, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ noted that Plaintiff "remained capable of caring for her six children and did not receive the level of assistance implicated in her allegations before the established onset date." AR 2222 (citing AR 1054, 1264). The only record appearing to support the ALJ's finding is a doctors' note indicating that "at baseline patient is active & functional and is able to take care of her 6 children." AR 1054. Other citations to the record, however, do not support this assertion, instead indicating that Plaintiff relied on her father and her brother for an unspecified degree of assistance and that her father was present to "provide 24/7 assist[ance]," consistent with Plaintiff's allegations and with Dr. Higgins's clinical interview. AR 816–17, 1264.

In the absence of substantial evidentiary support, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). The ALJ erred in relying on Plaintiff's family activities to discount Dr. Higgins's persistence limitations.

**C. Harmless Error**

The ALJ erred in evaluating Dr. Higgins's opinions. While the ALJ erred, the Court must determine whether this error was harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

Dr. Higgins noted limitations in Plaintiff's ability to persist by noting her poor concentration, difficulty understanding instructions, and possible distraction as she completes tasks. AR 817–18. Had the ALJ properly considered Dr. Higgins's opinions, the ALJ may have incorporated the persistence limitations opined to by Dr. Higgins into Plaintiff's residual functional capacity. Had the ALJ incorporated such limitations, in turn, the ultimate disability determination may have changed. Accordingly, the ALJ's error was not harmless and requires reversal.

**II. Whether the ALJ Properly Considered the Effects of Plaintiff's Seizure Disorder in Determining Plaintiff's Residual Functional Capacity**

Plaintiff avers that the ALJ erred in determining Plaintiff's residual functional capacity, because he did not consider the impact of Plaintiff's seizure disorder on her ability to drive or take public transportation to work. Dkt. 19, pp. 11–12.

Plaintiff's appeal concerns the same issue as was litigated previously before this Court. AR 2298–2315. The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The law of the case doctrine "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.*

Here, Plaintiff does not present any new evidence or point to any changes in controlling law. As this Court held,

> The Social Security regulations do not take into account a claimant's ability to get to and from work. *See, e.g.*, 20 C.F.R. § 404.1566(c) ("We will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of—(1) Your inability to get work; [or] (2) Lack of work in your local area."). Plaintiff has thus not established that the ALJ committed harmful error in failing to account for her driving and traveling restrictions when evaluating Plaintiff's ability to work. *See Ludwig* [*v. Astrue*, 681 F.3d 1047,] 1054 [9th Cir. 2012].

AR 2309–2310.

Plaintiff has pointed to no new evidence or regulatory changes that would affect this previous determination, nor does Plaintiff present any argument that applying the law of the case

ORDER - 7

here would be unjust. Thus, the Court holds, again, that the ALJ did not err in evaluating the effects of Plaintiff's seizure disorder. *See Stacy*, 825 F.3d at 567.

**III. Whether the ALJ Properly Assessed Lay Witness Evidence**

Next, Plaintiff avers that the ALJ erred in evaluating lay witness statements from Plaintiff's mother, her father, her fiancé, her sister-in-law, and her friend. Dkt. 19, p. 12.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout,* 454 F.3d at 1053; *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); 20 C.F.R. § 404.1513 (e). Lay testimony regarding a claimant's symptoms or how an impairment affects ability to work "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir.2001); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). If an ALJ wishes to discount the testimony of a lay witness, he must provide reasons germane to each witness and may not simply categorically discredit the testimony. *Id.* at 919. An ALJ may reject such opinions on the basis that they are not relevant to the period of alleged disability at issue. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ examined each of these statements, finding that they were made in 2015 or later, and thus did not relate to the period at issue between 2012 and 2014. AR 2223–24. Plaintiff argues that "[t]he ALJ rejected all of this information simply by reference to the fact the statements are dated after the period in question with no analysis whether the content of the statements related to the relevant time period." Dkt. 19, p. 12. This statement does not accurately reflect the nature of the ALJ's finding. The ALJ found that each of the statements, in addition to being rendered after the period at issue, referenced specific events that occurred after the onset

date and discussed Plaintiff's condition in the present tense. AR 2223–24. Thus, Plaintiff's argument that the ALJ focused on the date of the statements to the exclusion of the content is unsupported. *See* Dkt. 19, p. 13.

### IV. Whether the ALJ's Step Five Findings Were Proper

Finally, Plaintiff argues that the ALJ's determination at step five of the sequential evaluation was not supported by substantial evidence. Dkt. 19, p. 13. The Court has found that the ALJ erred in evaluating Dr. Higgins's opinion, and had the ALJ incorporated such limitations from Dr. Higgins's opinion into the RFC, the ultimate disability determination may have changed. Accordingly, the Court need not reach Plaintiff's other arguments pertaining to the ALJ's Step Five findings and directs the ALJ to reconsider Step Five on remand.

### V. Remand for Further Proceedings

Plaintiff asks this Court to remand for an award of benefits. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 671, 682 (9th Cir. 2017) (quoting *Sprague*, 812 F.2d at 1232). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682–83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d at 1045.

Here, as discussed above, the ALJ did not provide specific and legitimate reasons for rejecting Dr. Higgins's opinion on Plaintiff's persistence limitations. Plaintiff does not specify or discuss in detail how her case meets all of the demanding requirements for an award of benefits. *See* Dkt. 19, pp. 15–16. While the Court is mindful that, given the remoteness in time of the period at issue, a remand for further proceedings in this case could be of limited utility, as no new testimony or medical evaluations would be forthcoming. However, the ALJ may on proper consideration of Dr. Higgins's opinion include specific and legitimate reasons for discounting that opinion. On the other hand, if the ALJ credits this limitation, the implications for Plaintiff's RFC and Step Five findings are not clear and require vocational expert testimony to resolve. Thus, here, providing another opportunity to assess the improperly evaluated evidence does qualify as a remand for a "useful purpose" under the first part of the credit as true analysis.

Accordingly, because the record "raises 'serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act,'" remand for further proceedings is the appropriate remedy. *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1107 (9th Cir. 2014) (quoting *Garrison*, 759 F.3d at 1021).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further proceedings.

Dated this 12th day of January, 2022.

*[signature]*

David W. Christel
United States Magistrate Judge